Craig S. Summers (SBN 108688)
craig.summers@knobbe.com
Matthew S. Bellinger (SBN 222228)
matt.bellinger@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Brian W. Brokate *(Admitted pro hac vice)*
bwbrokate@gibney.com
Jeffrey E. Dupler *(pro hac vice pending)*
jdupler@gibney.com
Adam W. Sgro *(pro hac vice pending)*
asgro@gibney.com
GIBNEY ANTHONY & FLAHERTY, LLP
665 Fifth Avenue
New York, New York 10022
Telephone:   (212) 688-5151
Facsimile:    (212) 688-8315

*Attorneys for Plaintiff*
ROLEX WATCH U.S.A., INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A. INC., <br><br> Plaintiff, <br><br> v. <br><br> ZEOTEC DIAMONDS INC. and ALI PARAVAR, <br><br> Defendants. | Case No. 2:02-cv-01089-GAF-VBK <br><br> Hon. Gary A. Feess (Ret.) <br><br> Hon. Philip S. Gutierrez <br><br> **PLAINTIFF ROLEX WATCH U.S.A. INC.'S NOTICE OF MOTION AND MOTION FOR CONTEMPT** <br><br> Hearing: March 29, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 6A <br> Judge: Hon. Philip S. Gutierrez |

PLEASE TAKE NOTICE THAT on March 29, 2021 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable Philip S. Gutierrez, Courtroom 6A, of the United States District Court for the Central District of California, located at 350 West 1st Street, 6th Floor, Los Angeles, California 90012, Plaintiff Rolex Watch U.S.A., Inc. ("Rolex") will and hereby does respectfully move this Court to issue an Order holding Defendant Ali Paravar in contempt of the Final Judgment and Permanent Injunction (the "Judgment") entered by Judge Feess in this case on March 23, 2003.[1]  *See* Dkt. 69.

Rolex filed this trademark infringement and counterfeiting action against Paravar and his company, Zeotec Diamonds, Inc. ("Zeotec"), based upon their advertising and sale of watches displaying infringing and counterfeit copies of Rolex's federally registered trademarks.  Rolex thereafter obtained the Judgment, which included a detailed injunction that permanently enjoined Paravar and Zeotec from committing specified acts of trademark infringement and counterfeiting.  *Id.* at 2–3.  Paravar ignored the Judgment and is currently offering for sale hundreds of non-genuine watches and watch parts displaying counterfeit copies of Rolex's trademarks.

Rolex requests that the Court order Paravar to do the following within fourteen days of the Court's Order granting this Motion: (1) deliver up to Rolex for destruction all watches in Paravar's possession, custody, or control displaying Rolex's registered trademarks but that contain parts (including, but not limited to bezels and refinished dials) that are not genuine Rolex parts and that were not otherwise authorized by Rolex; (2) deliver up to Rolex for destruction all non-genuine parts in Paravar's possession, custody, or control

---

[1] Rolex has noticed this Motion to be heard by Chief Judge Gutierrez per the Court's procedures for cases involving assigned judges (in this case, Judge Feess) who have subsequently retired.

designed to fit Rolex watches, and (3) file a declaration signed under penalty of perjury stating that Paravar, and his agents, servants, employees, and those persons in active concert or participation with him (including, but not limited to LSM Watch, Inc. and Time Piece Collections, Inc.), are in compliance with all terms of the permanent injunction set forth in the Judgment.

If Paravar does not comply, or if he otherwise continues to violate the Judgment, then Rolex further requests that the Court impose a per diem fine on him of $5,000, payable to the Court, that continues until such time as he complies. Rolex also requests that the Court find that Rolex is entitled to its attorneys' fees and costs incurred in connection with bringing this Motion and allow Rolex to submit evidence of those fees and costs.

This Motion is based upon this Notice and the following documents filed concurrently herewith: (i) Rolex's Memorandum of Points and Authorities, (ii) Declaration of Matthew Bellinger and the exhibits attached thereto, (iii) Declaration of John Davis and the exhibits attached thereto, (iv) Declaration of Paul Stone-Jansen and the exhibits attached thereto, (v) Declaration of Mike Santoni and the exhibits attached thereto, and (vi) a Proposed Order.

Rolex was not able to confer with counsel for Paravar prior to filing this Motion. The attorney who is listed as counsel of record for Paravar on the docket for this case – Michael R. Dorman – is now listed as inactive status on the State Bar of California website. Further, the law firm listed on the case docket with which Mr. Dorman was associated – Crekoff and Doram – appears to have ceased operations. Rolex is also not aware of any counsel who currently represents Paravar in connection with this case.

/ / /

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
|   |   |
| Dated: February 22, 2021 | By: /s/ *Matthew S. Bellinger* |
|   | Craig S. Summers |
|   | Matthew S. Bellinger |

GIBNEY ANTHONY & FLAHERTY, LLP
Brian W. Brokate
Jeffrey E. Dupler
Adam W. Sgro

*Attorneys for Plaintiff*
ROLEX WATCH U.S.A., INC.